IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Quinteris Zy'Quan Miller, | ) | Case No. 6:19-cv-02085-DCC-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| South Carolina Department of | ) | |
| Corrections, C. Kimbrell, K. Shervey, | ) | |
| Captain D. Harouff, Lt. B. Blakeley, Lt. | ) | |
| Thomas Jackson, Captain K. Conrad, | ) | |
| Registered Nurse D. Ashley-Harouff, | ) | |
| Ms. Fennell, Mr. Smith, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, the Americans With Disabilities Act ("ADA"), and various state law statutes, alleging violations of his constitutional rights. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On August 15, 2019, the Magistrate Judge issued a Report recommending that Plaintiff's state law claims and ADA claims be dismissed and that South Carolina Department of Corrections ("SCDC") be dismissed as a defendant. ECF No. 13. Plaintiff filed objections to the Report. ECF No. 16.

## APPLICABLE LAW AND ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Magistrate Judge recommends dismissal of SCDC because it is not a "person" under 42 U.S.C. § 1983 and that Plaintiff's possible state law claims for breach of contract and violation of medical/nursing standards be dismissed because he has failed to state a claim for relief. ECF No. 13 at 4–6. Plaintiff does not object to these recommendations. After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the recommendation of the Magistrate Judge. Accordingly, SCDC and Plaintiff's state law claims are dismissed.

The Magistrate Judge also recommends that Plaintiff's ADA claims be dismissed because he fails to state a claim. Plaintiff objects and asserts that the medical and mental

2

staff are bound by the ADA.  He argues that "mental health" and "PTSD" are disabilities under the ADA and the Rehabilitation Act and that the individual Defendants made his PTSD worse.  ECF No. 16.

As stated in the Report, to plausibly allege a violation of the ADA or the Rehabilitation Act, a plaintiff must allege (1) a disability; (2) that he is otherwise qualified to receive the benefits of the public service, program, or activity in question; and (3) that he was excluded from the benefit due to discrimination solely on the basis of the disability. *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 498–99 (4th Cir. 2005); *Baird v. Rose*, 192 F.3d 462, 467 (4th Cir. 1999).  Other than stating that he has a mental illness, liberally construed, Plaintiff fails to state any factual allegations concerning any of the above-listed factors in either his Complaint or his objections.  Accordingly, his claims pursuant to the ADA should be summarily dismissed.[1]

## **CONCLUSION**

Accordingly, the Court adopts the recommendation of the Magistrate Judge.  SCDC is **DISMISSED** from this action.  Further, Plaintiff's claims pursuant to the ADA and his state law claims are **DISMISSED**.  This case will proceed as to Plaintiff's § 1983 claims against the individual Defendants.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>
United States District Judge

---

[1] In his objections, Plaintiff relies heavily on the incident reports that he attached. Upon review, they do not contain support for an ADA claim.  *See* ECF No. 16-1. Specifically, none of the attached documentation contains any reference to Plaintiff's mental health.

3

January 17, 2020
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.