IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Quinteris Zy'Quan Miller, | ) | Case No. 6:19-cv-02085-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| C. Kimbrell, K. Shervey, Captain D. Harouff, Lt. B. Blakeley, Lt. Thomas Jackson, Captain K. Conrad, Ms. Fennell, and Mr. Smith, | ) ) ) ) | |
| | ) | |
| Defendants.[1] | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983.  ECF No. 1.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report").  On May 17, 2021, Defendants filed a motion for summary judgment.  ECF No. 52.  On May 18, 2021, this Court issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), advising Plaintiff of the summary judgment/dismissal procedure and the possible consequences if he failed to respond adequately.  ECF No. 53.  Despite the explanation of the summary judgment/dismissal

---

[1] This caption represents the current Defendants to this action. The South Carolina Department of Corrections, Registered Nurse Ashley-Harouff, and Plaintiff's state law claims and claims under the Americans with Disabilities Act have previously been dismissed.  ECF Nos. 40, 46.

procedure and the possible consequences for failing to respond, Plaintiff did not respond. On June 29, 2021, the Magistrate Judge issued an order directing Plaintiff to file a response by July 20, 2021. ECF No. 56. Plaintiff did not file a response. On July 26, 2021, the Magistrate Judge issued a Report recommending that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and the motion for summary judgment be found as moot. ECF No. 59. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff failed to file objections and the time in which to do so has lapsed.[2]

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo*

---

[2] The Court specifically incorporates the Magistrate Judge's discussion regarding the Court's attempts to mail documents to Plaintiff's correct address. ECF No. 59 at 1–2.

review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As stated above, Plaintiff has not objected to the Magistrate Judge's Report. Accordingly, after considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the recommendation of the Magistrate Judge. This action is **DISMISSED** with prejudice pursuant to Federal Rule of Civil Procedure 41(b). The motion for summary judgment [52] is **FOUND as MOOT**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

September 13, 2021
Spartanburg, South Carolina